IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE CONSTRUCTION SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHURCH MUTUAL INSURANCE COMPANY, S.I., )<br>)<br>Defendant. ) | Civil Action No.: 1:19-cv-01288-STA-jay |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Church Mutual Insurance Company's Motion for Summary Judgment (ECF No. 38) filed on December 4, 2020. Plaintiff Affordable Construction Services, Inc., as assignee, has responded in opposition. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

This civil action arises from the parties' dispute over insurance coverage for damage sustained during a hailstorm to the roof of Mount Zion Missionary Baptist Church (Mount Zion). Mount Zion contracted with Affordable Construction Services, Inc. (Affordable Construction) to perform repairs for the damaged roof. As part of that contract, Mount Zion and Plaintiff agreed to confine compensation to policy proceeds from Mount Zion's property insurer, Church Mutual Insurance Company, S.I. (Church Mutual). Church Mutual paid $258,787.58 towards Affordable Construction's insurance claims but denied liability for the entirety of the claims, amounting to

1

$447,566,95, leading Affordable Construction to allege that Church Mutual breached the terms of the insurance policy agreement to which Affordable Construction was an assignee. Church Mutual now seek judgment as a matter of law, arguing that the statute of limitations on Affordable Construction's contract claim has run.

To decide Church Mutual's Motion for Summary Judgment, the Court must first consider whether any genuine issue of material fact exists that might preclude judgment as a matter of law. A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite particular parts of the record and show that the evidence fails to establish a genuine dispute or that the adverse party has failed to produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1). Local Rule 56.1(a) requires a party seeking summary judgment to prepare a statement of facts "to assist the Court in ascertaining whether there are any material facts in dispute." Local R. 56.1(a). In support of its Motion, Church Mutual has filed a statement of undisputed facts, and Plaintiff has responded.

Based on the parties' submissions, the Court finds that the following facts are undisputed for purposes of summary judgment, unless otherwise noted. Mount Zion purchased insurance policy number 0110381-02-426687 from Church Mutual. (Def.'s Statement of Undisputed Fact ¶ 1.) The insurance policy states, in relevant part: "No one may bring legal action against us under this Coverage Part unless (1) There has been full compliance with all of the terms of this Coverage

Part; and (2) The action is brought within 2 years after the date on which the direct physical loss or damage occurred." (*Id*. at ¶ 1.)  The insurance policy also contains a settlement of loss provision titled, "Loss Payment," which states: "We will give notice of our intentions within 30 days after we receive the sworn proof of loss…We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied all the terms of this Coverage Part; and (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made."  Pls.' Resp. in Opp'n (ECF No. 41 at ¶ 7.)  On December 28, 2016, a weather event resulted in damage to the roof of Mount Zion, leading Mount Zion to report claim number 1305638 for hail damage to its insurer, Church Mutual, on December 29, 2016. (*Id*; *See also* Def.'s Exh. F) The date of loss on that claim is December 28, 2016. (*Id*.)  Mount Zion also reported claim number 1317672 on May 19, 2017, which Affordable Construction maintains is not a separate claim from the 1305638 claim.  Both parties agree, however, that the damage reported under the 1317672 claim is a result of the hailstorm damage reported in the 1305628 claim.  (*Id*.)  Mount Zion and Affordable Construction subsequently entered into a contract for the performance of repairs to Mount Zion, agreeing that Affordable Construction would be compensated from the proceeds of the Church Mutual insurance policy. (*Id*. at ¶ 2.)  Affordable Construction filed the instant suit on December 9, 2019. (ECF No. 1.)

The parties dispute whether Church Mutual denied the above claims.  Church Mutual asserts that it partially denied both claims which Affordable Construction contests, arguing that Church Mutual approved the claims, evinced by it beginning payment in the amount of $258,787.58, before stopping payment on November 14, 2018.  Pls.' Resp. in Opp'n (ECF No. 41 at ¶ 7.)  Defendant has produced a document that includes a date of "partial denial" of January 27, 2017 of the 1305628 claim.  Def's Ex. F (ECF No. 38-8 ¶ 491).  Plaintiff does not deny the validity

3

of that document and actually references it multiple times in its Response. Pls.' Resp. in Opp'n (ECF No. 41 at ¶ 2.) Another document incorporated into Defendant's Motion for Summary Judgement indicates that the 1317672 claim was partially denied on June 28, 2017. Def's Exh. G (ECF No. 38-9 ¶ 499).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court does not engage in "jury functions" like "credibility determinations and weighing the evidence." *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019) (citing *Anderson*, 477 U.S. at 255). Rather, the question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252. In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case the Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). In contract cases, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent" such as a valid contractual choice-of-law provision. *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." Performance *Contracting,* Inc. v. *DynaSteel Corp.,* 750 F.3d 608, 611 (6th Cir.2014) (citing *Gasperini v.* Ctr. *for Humanities,* Inc., 518 U.S. 415, 417 (1996)). Where there is no dispute that a certain state's substantive law applies, the Court will not conduct a "choice of law" analysis *sua sponte. See GBJ Corp.* v. *Eastern* Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir.1998). The parties agree that Tennessee substantive law applies. The Court will apply Tennessee substantive law.

## **ANALYSIS**

Church Mutual seeks judgment as a matter of law on the question of whether the insurance policy's limitation of action provision bars Affordable Construction's breach of contract claims. Church Mutual also seeks summary judgment against Plaintiff's claims of damages for bad faith and punitive damages. Affordable Construction does not object to the dismissal of its bad faith and punitive damage claims, so the Court treats those claims as conceded. The only question

before the Court then is, when did Plaintiff's cause of action accrue, triggering the contractual limitations period in Church Mutual's insurance policy?

The Tennessee Supreme Court has explained that statutes of limitations are "shields, not swords" and reflect "a societal choice that actions must be brought within a certain time period." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012) (citations omitted). Statutes of limitations under Tennessee law "(1) promote stability in personal and business relationships, (2) give notice to defendants of potential lawsuits, (3) prevent undue delay in filing lawsuits, (4) avoid the uncertainties and burdens inherent in pursuing and defending stale claims, and (5) ensure that evidence is preserved and facts are not obscured by the lapse of time or the defective memory or death of a witness." *Id*. (internal quotations marks and citations omitted). By enacting statutes of limitations, the Tennessee legislature presumes that "persons with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time." *Id*. (citations omitted).

As a matter of federal procedural law, a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c); *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). When a party seeks judgment as a matter of law on a statute of limitations, the Court must decide two questions: "(1) whether the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued." *Henry v. Norfolk S. Ry. Co.*, 605 F. App'x 508, 510 (6th Cir. 2015) (quoting *Campbell v. Grand Trunk W. R.R. Co.,* 238 F.3d 772, 775 (6th Cir. 2001)). As the party invoking the statute of limitations, Church Mutual has the burden to prove that the statute of limitations has run on Plaintiff's breach of contract claim and that no genuine issue of material fact exists as to when the claim accrued. *Id.* If Church Mutual can discharge its burden to show that the claim is now time barred, the burden shifts to Affordable

Construction to prove an exception to the statute of limitations. *Redwing,* 363 S.W.3d at 463–64, 467; *Lutz v. Chesapeake Appalachia, L.L.C.,* 717 F.3d 459, 464 (6th Cir. 2013).

Tennessee law dictates that any breach of contract claim is subject to the agreed-upon contractual statute of limitations. The legal liability provision in Church Mutual's insurance policy states in relevant part:

> No one may bring legal action against us under this Coverage Part unless (1) There has been full compliance with all of the terms of this Coverage Part; and (2) The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Defs.' Mot. for Summ. J (ECF No. 38-2). This provision trumps Tennessee's general six-year statute of limitations for contract causes of action. Tenn. Code Ann. § 28–3–109(a)(3) (setting a six-year limitations period "after the cause of action accrued" to commence an action on a contract). "Under Tennessee law, an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable." *Wynne v. Stonebridge Life Ins. Co*., 694 F. Supp. 2d 871, 875 (W.D. Tenn. 2010) (citing *Brick Church Transmission, Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003)). The parties agree that the policy's two-year statute of limitations applies.

In Tennessee, a contractual limitations period begins to run upon accrual of the cause of action. *Phoenix Ins. Co. v. Brown*, 381 S.W.2d 573 (Tenn.Ct.App.1964). Parties disagree on when the cause of action actually accrued. Tennessee courts have interpreted insurance policies containing legal liability language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, to provide that suit must be brought within so many days after the cause of action accrues, as opposed to within the date of loss. *Boston Marine Ins. Co. v. Scales,* 101 Tenn. 628, 49 S.W. 743, 747 (1898). Because this settlement of loss period effectively provides the insurer with a period of immunity

7

that eats into the contractual limitations period, a cause of action is deemed to have accrued once the immunity period has expired, rather than on the date of loss, regardless of the policy language. *Id*. However, denial of a claim by the insurer before expiration of the settlement of loss period constitutes a waiver of that immunity period. Therefore, "the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first." *See Certain Underwriters at Lloyd's, London Subscribing to Policy of Insurance No. LTC982015 v. Transcarriers, Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2003). The crux of parties' conflict is whether Church Mutual denied Affordable Construction's claims. Church Mutual cites to "claims notes" attached to its Motion for Summary Judgment, as Exhibits F and G. It specifically cites to portions of the notes indicating that Church Mutual partially denied claim numbers 1305638 on January 27, 2017 and 1317672 on June 28, 2017. *See* Def's Ex. F (ECF No. 38-8 ¶ 494) ("[d]enial OK to send" dated January 27, 2017) *Id*. at ¶ 494 ("EMAIL 1/24: to INSRD regarding findings, partial denial."); *Id*. at ¶ 494 ("RESPONSE: per the email below (1/24/17 my follow up denial notif.) we have denied their claim. *sent the partial denial, dated 3/30/17…"). *See also* Def's Ex. G (ECF No. 38-9 ¶ 499) ("Drafted a partial denial letter to deny the interior water damages in the church building as no storm created opening to allow the water to enter the building. Called the insured and notified them of this payment and what they payment is for and the partial denial letter and what was not being covered.") Affordable Construction, not contesting their validity, cites to those same claim notes, arguing that, distinct from *Certain Underwriters*, Church Mutual did not deny the instant insurance claims. Rather, they "did accept the claim, accepted liability for the covered loss, and made payment on the claim…*See* Statement of Disputed Facts…Doc. 38-8 generally; Doc. 38-9 generally." (ECF No. 41 at ¶ 7.) Those notes substantiate, and Plaintiff does not deny, that Church Mutual paid out $258,787.58 on the claims. According

8

to Affordable Construction, notwithstanding Church Mutual explicitly stating that it had partially denied the claims, the payment constituted a full acceptance of the claims, a belief of Affordable Construction's which Church Mutual allegedly used to run the clock on the statute of limitations. Affordable Construction asserts that "it would be inequitable for Movant to accept the claim, begin paying on the claim, hide under the veil of immunity and then suddenly stop payment once it was beyond two years from the date of loss."

Affordable Construction's argues that its cause of action accrued on November 14, 2018, the date of Church Mutual's final payment on the insurance claims, again citing to Defendant's claim notes. The Court, following the rule in *Certain Underwriters* that the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first, sets out the following key dates: First, Church Mutual asserts that Church Mutual partially denied claim numbers 1305638 on January 27, 2017 and 1317672 on June 28, 2017[1]. The date of accrual would then be January 27, 2017 and June 28, 2017, respectively. However, Affordable Construction does not acknowledge that Church Mutual denied the claim, at least not on the afore-mentioned dates. Therefore, the Court turns to the expiration of the settlement of loss period as the next relevant date. As Plaintiff sets out, Church Mutual's insurance policy contains a settlement of loss period provision titled "Loss Payment," which provides in relevant part:

> c. We will give notice of our intentions within 30 days after we receive the sworn proof of loss….

---

[1] The Court recognizes that Plaintiff does not view these claims as separate, viewing claim number 1317672 as a supplement to the earlier claim, which both parties agree arise from the same event. However, the Court assumes *arguendo* that they are separate, since the distinction does not alter the result of its analysis.

9

>g. We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss if you have complied with all the terms of this Coverage Part; and
>
>>(1) We have reached agreement with you on the amount of loss; or
>>
>>(2) An appraisal award has been made.

Accordingly, if, as Affordable Construction argues, Church Mutual did not deny its claim, the claim accrued at the expiration of the settlement of loss period.  Church Mutual had thirty days after "an agreement on the amount of loss" or the making of an appraisal award within which to pay the loss.  In this case, seemingly neither an agreement on the amount of loss nor an appraisal award was made, leading to the absurd result wherein Church Mutual, after receiving proof of loss, could infinitely extend its period of immunity from suit by its own inaction in not reaching an agreement with the insured or agreeing to be bound by an appraisal award.  However, Tennessee courts have held that that, to avoid such a result, settlement of loss periods such as the instant one, are construed as ending at the termination of the contracted for period, in this case, thirty days after the insurer received proof of loss. *Meyers v. Farmers Aid Ass'n of Loudon Cty.*, No. E2013-02585-COA-R9CV, 2014 WL 6889643, at *5 (Tenn. Ct. App. Dec. 9, 2014). The claims notes indicate that proof of loss on claim number 1305638 was received by Church Mutual on December 29, 2016. Def's Exh. F (ECF No. 38-8 ¶ 481.)  Proof of loss on claim number 1317672 was received on May 19, 2017.  Def's Exh. G (ECF No. 38-9 ¶ 496.)   Therefore, the latest date that the claims could have accrued in this case was January 29, 2017 for the former claim and June 19, 2017 for the latter.

Affordable Construction seems to argue, however, that an agreement on the award of loss was reached, although it provides no date of agreement or evidence supporting this assertion

beyond the claims notes and its own statement of disputed facts. Plaintiff states: "Insurer here, did accept the claim, accepted liability for the covered loss and made payments on the claim." In this way, Church Mutual "extended its period of immunity from suit" until Church Mutual stopped payments on November 14, 2018, triggering the two-year limitations period. (ECF No. 41 at ¶ 7.)

Affordable Construction relies upon *Das v. State Farm Fire and Casualty Company*, 713 S.W.2d 318 (Tenn. Ct. App. 1986) to prop up its argument that the settlement of loss period was extended until November14, 2018 by equitable estoppel. In *Das*, the Court of Appeals considered the timeliness of an insured's breach of contract claim against its insurer when the insurer denied coverage for damage to the insured's home. The homeowner in *Das* sustained property damage to his home, specifically, a crack in the basement wall of the home. *Das v. State Farm Fire & Cas. Co.*, 713 S.W.2d 318, 320. The homeowner blamed the damage on a third-party contractor engaged in blasting nearby. *Id*. The insurance company retained an engineer who opined that the damage was just the result of the structure settling or possibly water damage. *Id*. Based on the engineer's conclusions, the insurance company denied the homeowner's claim August 12, 1983. *Id*. The parties nevertheless continued to negotiate a resolution of their dispute. The homeowner obtained his own inspection, and the insurance company retained another engineer, who like the first engineer retained by the insurance company concluded that the damage was not caused by the blasting. *Id*. at 321. The insurance company communicated another denial of the homeowner's claim on December 21, 1983. *Id*. at 324. The homeowner filed suit on August 24, 1984. *Id*.

The parties in *Das* agreed that a statute of limitations applied but, like the parties in this case, disagreed over when the insured's breach of contract claim accrued: the date of the insurance company's first denial of coverage (August 12, 1983) or the date of a "final" denial of coverage following additional settlement negotiations and subsequent inspections (December 21, 1983).

11

The Tennessee Court of Appeals held that the claim accrued on the date of the insurer's first denial of coverage. *Id.* ("Dismissal of plaintiffs' suit was justified by their failure to sue within one year after the first denial of liability."). The homeowner in *Das* argued that the insurance company's willingness to allow an additional inspection and consider offers of settlement from the insured did not trigger the one-year limitations period and that the homeowner's cause of action only accrued at the insurance company's second and final denial of the claim. The Court of Appeals was not persuaded, holding that "renewal of investigation and/or discussion after denial of liability . . . would not entitle the insured to an additional year for suit after the termination of the renewed investigation and/or discussion." *Id.*

The Court finds that *Das* is instructive in deciding the statute of limitations question presented here. Plaintiffs' breach of contract claim accrued on January 27, 2017 for claim number 1305638, the date of Church Mutual's initial partial denial of its insurance claim. For claim number 1317672, the cause of action accrued on June 19, 2017, because the thirty-day settlement of loss period expired before Church Mutual partially denied that claim on June 28, 2017. The fact that they were "partial" denials is a difference without distinction. *See Tenalok Partners Ltd v. Massachusetts Bay Ins. Co.*, No. 13-2565, 2014 WL 11320704, at *5 (W.D. Tenn. Nov. 14, 2014) (holding that the cause of action in an insurance claim accrued upon insurance company's partial denial of claim.) On those dates, Church Mutual made clear in letters and other communications with the insured parties, that they did not accept liability for the full amount of Mount Zion's claims, through Affordable Construction. Plaintiff therefore had until January 27, 2019 and June 19, 2019, respectively, to bring suit on the alleged breach of the insurance contract. But that did not happen. Plaintiffs filed its Complaint against Church Mutual on December 9, 2019, disputing only the earlier claim. Plaintiff's suit was therefore filed almost a year outside of the two-year

statute of limitations. Furthermore, there is no evidence to suggest that Church Mutual "requested a delay in suit or that plaintiffs were induced to delay their suit...." *Das*, 713 S.W.2d 318 at 323. No facts are alleged from which an inference might be drawn that postponement of Plaintiff's suit was at the express or implied request of Defendant. The simple fact that Church Mutual made payments on Plaintiff's claims is not indicative of some sort of tacit acceptance of Plaintiff's position, especially where Defendant did claim liability for part of the claim. Church Mutual was, however, consistent in its partial denial of Plaintiff's claims. Further, even if equitable estoppel were warranted, Plaintiff would be given "a reasonable opportunity to bring suit," not "an additional [two years] for suit after the termination of the renewed investigation and/or discussion." *Id*. at 324. Plaintiff claims that the cause of action in this case accrued on November 14, 2018. The record contains no circumstances to explain Plaintiff's delay of over a year from that date to the filing of suit in this case, severely undercutting its equitable argument. In short, Plaintiff has not shown any cause, in law or equity, to excuse their delay in filing suit between the date of Church Mutual's initial denial on January 27, 2017, and the running of the two-year limitations period on January 27, 2019. The Court concludes then that Plaintiff's claim is time barred.

In summary, Church Mutual has carried its burden to show that the statute of limitations on Plaintiff's contract claim has run and that no genuine issue of material facts exists as to when Plaintiffs' contract claim accrued. *Henry*, 605 F. App'x at 510. For its part, Plaintiff has not proven that an exception to the statute of limitations exists under the facts of this case. *Redwing,* 363 S.W.3d at 463–64, 467; *Lutz*, 717 F.3d at 464. Therefore, the Court holds that Church Mutual is entitled to judgment as a matter of law on the statute of limitations issue.

## CONCLUSION

The Court holds that no genuine issues of material fact exist on the timeliness of Plaintiff's contract claim. Therefore, Church Mutual's Motion for Summary Judgment must be **GRANTED**. In light of the Court's ruling, Church Mutual's separately filed Motion to Compel (ECF No. 37) and Affordable Construct's Motion to Enforce Appraisal (ECF No. 39) are **DENIED** as moot. The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 1, 2021.